ENT JS-6 P Send




# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY MENDES, an individual, and CONNIE MENDES, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>WRIGHT MEDICAL TECHNOLOGY, INC., a corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | CV 05-7805 FMC (CWx)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR JOINDER OF ADDITIONAL DEFENDANTS AND FOR REMAND** |



This matter is before the Court on Plaintiffs' Motion for Joinder of Additional Defendants and for Remand pursuant to Federal Rule of Civil Procedure 15 and 28 U.S.C. §1447(e) (docket no. 25), filed July 3, 2006. The Court has read and considered the moving, opposition, and reply documents submitted in connection with this Motion. The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for July 24, 2006, is removed from the Court's calendar. For the reasons and in the manner set forth below, the Court **GRANTS** Plaintiffs' Motion for Joinder of Additional Defendants

and for Remand.

## I. BACKGROUND

This case arises out of allegations of a defective part in a hip replacement system.

On September 22, 2005, Plaintiffs Barry and Connie Mendes initiated this litigation against Defendant Wright Medical Technology ("Wright") in state court, asserting claims for strict liability in tort, negligence, and breach of implied warranty of fitness.

Plaintiff Barry Mendes alleges that he sustained serious injuries from an allegedly defective hip replacement part that was implanted in him on July 12, 2004. Plaintiffs maintain that this part was manufactured by Defendant, a corporation engaged in the business of designing and manufacturing orthopedic implants and instrumentation.

On November 2, 2005, Defendant removed this action to federal court pursuant to 28 U.S.C. §§1332, 1441(a) and 1446 on the basis of diversity jurisdiction. Plaintiffs are residents of California and Defendant is a Delaware corporation, with its principal place of business in Tennessee.

On November 29, 2005, Defendant indicated to Plaintiffs its desire to enter into a stipulated Confidentiality Protective Order before producing various documents Plaintiffs requested. The parties disagreed whether the protective order should protect all documents Defendant produced or only specific documents designated as confidential. On March 17, 2005, the parties reached an agreement on the language of the Confidentiality Protective Order. On or around March 24, 2005, the Court entered the stipulated Confidentiality Protective Order and Defendant produced approximately eight hundred pages of documents Plaintiffs requested.

On July 3, 2006, approximately eight months after this case was removed to federal court, Plaintiffs filed the instant Motion. Plaintiffs seek permission to amend their Complaint and to join two additional defendants, alleged to be distributors of the hip replacement part. Plaintiffs claim that, in the course of conducting discovery, they learned the identities of the individual distributor and the distribution company. William Zurowski, the alleged individual distributor, is a resident of Los Angeles, California. Advance Surgical Devices ("ASD"), the alleged distribution company, has its principal place of business in Los Angeles, California. Because the joinder of Zurowski and ASD will destroy the Court's diversity jurisdiction, Plaintiffs also seek an order remanding this action to state court.

## II. DISCUSSION

The Ninth Circuit has not addressed whether courts should use Rule 15(a) or section 1447(e) in deciding whether to grant a plaintiff leave to amend in order to add a new defendant that will destroy diversity jurisdiction. *See Palestini v. General Dynamics Corp.*, 193 F.R.D. 654, 657 (S.D. Cal. 2000) (noting the conflict of authorities on what standard governs a district court's decision about whether to permit joinder of a non-diverse defendant). District courts within the Ninth Circuit have applied different standards. *See Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999) (analyzing the issue using both standards and finding that §1447(e) applies); *IBC Aviation Services, Inc. v. Compania Mexicana De Aviacion, S.A. De C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (finding the two standards overlap and applying the more extensive list of factors under §1447(e)).

The Court finds the analysis in *Clinco* persuasive and, therefore, will analyze the proposed amendment to join non-diverse parties under both

standards.

## A.  Leave to Amend the Complaint Under Federal Rule of Civil Procedure 15(a)

Plaintiffs seek leave to amend their Complaint under Fed. R. Civ. P. 15(a). Under Rule 15(a), a party may amend its complaint once, as a matter of right, prior to the filing of a responsive pleading. *Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997) (citing Fed. R. Civ. P. 15(a)). Once the complaint has been answered, or a responsive pleading has been filed, further amendments may be made "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Absent written consent of the adverse party, leave to amend lies "within the sound discretion of the trial court." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). In exercising its discretion, the court shall grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a). The burden of proof on a motion for leave to amend rests with the party opposing the amendment. *DCD Programs*, 833 F.2d at 187 (citing *Beeck v. Aqua-Slide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977).

After a responsive pleading has been filed, "leave to amend should be granted unless amendment would cause undue prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Martinez*, 125 F.3d at 785; *accord AmerisourceBergen Corp. v. Dialysist West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) ("Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires" (internal quotations and citation omitted)). The fourth factor, undue delay, should be considered by the trial court in determining whether to permit amendment, but "[undue]

4

delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs*, 833 F.2d at 186.

While these "[s]everal factors are usually used as criteria to determine the propriety of a motion for leave to amend . . . [and] all these factors are relevant, the crucial factor is the resulting prejudice to the opposing party." *Howey v. U.S.*, 481 F.2d 1187, 1190-91 (9th Cir. 1973) ("Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion."). In making its determination, "a court must be guided by the underlying purpose of Rule 15(a) – to facilitate decision on the merits rather than on the pleadings or technicalities." *DCD Programs*, 833 F.2d at 186 (quoting *Webb*, 655 F.2d at 979). In adhering to Rule 15(a)'s policy favoring amendments, the court should apply that policy with "extreme liberality." *Id.*

### 1. *Undue Delay*

When determining whether to allow an amendment, courts consider whether the motion seeking leave to amend was filed in a timely manner. *See Lopez v. General Motors Corp.*, 397 F.2d 1328, 1332 (9th Cir. 1983). Specifically, the Court asks "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

Here, Plaintiffs argue that they have not unduly delayed their Motion seeking leave to amend their Complaint because they just recently discovered the identities of defendants they seek to join through discovery. Defendants contend that Plaintiffs unduly delayed both the process of discovery and the filing of this Motion for leave to amend.

The Court acknowledges that Plaintiffs' Motion for leave to amend was not filed until approximately eight months after this case was removed to federal court. However, this does not constitute undue delay because the dispute over the terms of the stipulated Confidentiality Protective Order was not resolved until late March 2006, and the documents revealing the relevant facts were not produced to the Plaintiffs until April 20, 2006. Furthermore, it is not unreasonable that Plaintiffs needed to review the documents produced and to further investigate the involvement of the proposed additional defendants, before seeking leave to amend. *See AmerisourceBergen Corp.*, 445 F.3d at 1137 (finding that Plaintiff's decision to wait fifteen months between learning the relevant facts and in seeking leave to amend constituted undue delay); *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991) (finding an eight month gap between obtaining the relevant facts and seeking leave to amend was undue delay).

### 2. *Futility of Amendment*

An amendment will be considered futile if it appears to be legally insufficient and, therefore, unable to withstand a motion for summary judgment. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986). This is a product liability action. Anyone who sells or distributes a defective product is subject to liability for harm to persons or property caused by the product. *Restatement (Third) of Torts: Prod. Liab.* §1 (1998). Therefore, because Plaintiffs claim the new defendants are responsible for distributing the allegedly defective hip replacement component, the amendment does not appear to be legally insufficient and is not futile.

/

/

### 3. Bad Faith

In removal cases, a district court should carefully consider the motive behind an amendment to add a new defendant that would destroy the court's diversity jurisdiction and require remand to state court. *Desert Empire Bank v. Ins. Co. Of N. America*, 623 F.2d 1371, 1376 (9th Cir. 1980).

Here, Plaintiffs characterize their efforts to join the non-diverse defendants as an attempt to hold all responsible parties accountable, obtain additional parties to satisfy their judgment, and develop additional theories of distributor liability. Although Defendant argues that Plaintiffs' stated motives are disingenuous and Plaintiffs have actually brought this Motion in bad faith, in an effort to destroy diversity jurisdiction, Defendant has not produced any evidence of Plaintiffs' bad faith. In the absence of any proof of Plaintiffs' bad faith, the Court will not impute an improper motive simply because the requested joinder will destroy diversity jurisdiction. *See IBC Aviation Services, Inc.*, 125 F. Supp. 2d at 1012; *DCD Programs*, 833 F.2d at 186 (finding that, where there is no evidence of wrongful motive, there is no cause to uphold a denial of leave to amend on the basis of bad faith).

### 4. Prejudice to Defendant

Although Defendant argues that it will be unduly prejudiced if the Court grants leave to amend the Complaint, Defendant has not provided any evidence showing a likelihood of prejudice or identified any form of legal prejudice it will suffer as a result of the amendment. Given that this case is still in the discovery phase and Plaintiffs have offered a satisfactory explanation for their timing in seeking the amendment, the Court does not find that the Defendant will be prejudiced if leave to amend the Complaint is granted. *See DCD Programs*, 833 F.2d at 187.

## B. Joinder Under 28 U.S.C. §1447(e)

Plaintiffs seek to join a non-diverse party that would destroy the Court's subject matter jurisdiction. Prior to 1989, district courts in the Ninth Circuit followed the general rule that if a non-diverse party is joined to a removed case, the district court should remand the case to state court. *Yniques v. Cabral*, 985 F.2d 1031, 1034 (9th Cir. 1993) (citations omitted). This principle was codified when Congress enacted section 1447(e), which states:

> [I]f after removal a plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court.

28 U.S.C. §1447(e). The decision whether to permit joinder of a defendant that will destroy diversity remains in the discretion of the court. *Newcome v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

Congress enacted section 1447(e) for the express purpose of taking advantage of the opportunity to permit remand if a plaintiff seeks to join a non-diverse defendant after removal. *IBC Aviation Services, Inc.*, F. Supp. 2d at 1011 (citing H.R.Rep. No. 889, 100th Cong., 2d Sess. 72-73, *reprinted* in 1988 U.S.C.C.A.N. 5092, 6033). Section 1447(e) was intended to put removing parties on notice of the possible consequences of the removal of a case with unidentified fictitious defendants and it recognizes that joinder coupled with remand may be preferable to either dismissal under Rule 19(b) or denial of joinder. *Yniques*, 985 F.2d at 1035 (citing H.R.Rep. No. 889, 100th Cong., 2d Sess. 72-73, *reprinted* in 1988 U.S.C.C.A.N. 5092, 6033). Stated otherwise, Congress intended that district courts have a choice

8

between the options listed in section 1447(e) and those available under Rule 19. *Id.*

In determining whether to permit joinder of additional defendants whose joinder would destroy subject matter jurisdiction, courts in the Ninth Circuit consider six factors: (1) whether the new defendants should be joined under Rule 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is sought solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff. *See Palestini*, 193 F.R.D. at 658 (listing factors to consider when analyzing joinder under §1447(e)); *see also IBC Aviation Services, Inc.*, 125 F. Supp. 2d at 1011 (discussing factors courts consider when deciding whether to allow an amendment to add non-diverse defendants); *Clinco*, 41 F. Supp. 2d at 1082 (listing factors courts should consider in deciding whether to permit joinder under §1447(e)).

### *1. Necessary Party Under Rule 19*

A necessary party under Fed. R. Civ. P. 19 is one whose absence would (1) preclude the grant of complete relief or (2) impede the ability to protect the interests of any party, or subject any of the parties to the danger of inconsistent judgments. Fed. R. Civ. P. 19(a). When the failure to join an additional party will result in separate and redundant actions, the standard for necessary parties is met. *See CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 910 (9th Cir. 1991). The primary purpose of Rule 19(a) is to prevent a multiplicity of lawsuits and to ensure that the judgment rendered

will provide complete relief to the existing parties. *See e.g. CP Nat'l Corp.*, 928 F.2d at 912 (explaining that Rule 19 was designed to prevent wasteful litigation); *Northrop Corp. v. McDonald Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983) (identifying one of the goals of Rule 19 as preventing multiple litigation on the same claims); *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004) (explaining that the court should consider whether the absence of a party would cause multiple lawsuits and prevent the court from providing meaningful relief between the parties).

Here, if Plaintiffs' Motion were denied, Plaintiffs would be forced to litigate parallel lawsuits in separate forums based on many of the same facts that underlie their original Complaint. This result would directly frustrate the main purpose of Rule 19 and unnecessarily tax judicial resources. Forcing Plaintiffs to litigate their claims in both state and federal court would also run counter to another goal of Rule 19: providing complete relief to the existing parties. Defendant argues unsuccessfully that Zurowski and ASD are not necessary parties because their rights will be fully protected in this litigation by the existing Defendant, Wright, which will defend and indemnify Zurowski and ASD. (Def.'s Opp. 12:7-10). However, Defendant has not provided any evidence of an agreement between the parties to this effect or cited to any cases supporting this argument. This argument is unpersuasive because it is not consistent with the concept of strict liability that is imposed in product liability cases, whereby the plaintiff has a cause of action against all parties in the chain of distribution. Therefore, this factor weighs in favor of permitting joinder and ordering remand.

/

### 2. *Statute of Limitations*

At the time the instant Motion was filed, the parties did not dispute that the statute of limitations had not lapsed for Plaintiffs' state law claims against Zurowski and ASD. (Pl.'s Mot. 17:7-18). However, Plaintiffs pointed out in their Motion that their proposed claims against the new defendants would be time barred if brought in a separate suit commenced in state court after July 12, 2006. Accordingly, since the statute of limitations has now lapsed, this factor weighs in favor of permitting joinder and ordering remand.

### 3. *Unexplained Delay*

The Court has fully addressed this issue in connection with the foregoing discussion of Rule 15(a) and finds that Plaintiffs have sufficiently explained any delay in filing this Motion to amend and join additional defendants. Thus, this factor weighs in favor of permitting joinder and ordering remand.

### 4. *Intent to Destroy Federal Jurisdiction*

Defendant argues that Plaintiffs' sole motive in filing the instant Motion is to destroy federal diversity jurisdiction, yet Defendant fails to offer any evidence of Plaintiffs' alleged improper motive. Therefore, this factor weighs in favor of permitting joinder and ordering remand.

### 5. *Validity of Plaintiffs' Claims*

Because courts exercise broad discretion under §1447(e) in deciding whether to join additional non-diverse parties, all issues that bear on the equities of allowing the amendment and joinder are considered. *Clinco*, 41 F. Supp. 2d at 1083. As the Court concluded *supra*, the requested amendments are not legally insufficient or futile. Accordingly, this factor weighs in favor

of permitting joinder and ordering remand.

### 6. *Prejudice to Plaintiffs*

Finally, the Plaintiffs would face significant prejudice if the Court were to deny joinder of the additional defendants. Plaintiffs would be forced to either litigate parallel lawsuits in federal and state court or choose between litigating their claims against Defendant in federal court and litigating their claims against Zurowski and ASD in state court. Defendant argues that parallel lawsuits could be avoided by staying the state court proceeding pending the resolution of the present case, but the Court finds no reason to adopt this proposal or to disregard this potential prejudice to the Plaintiffs. Thus, this factor weighs in favor of permitting joinder and ordering remand.

## C. Remand

Relying on the factors considered under section 1447(e), the Court finds that joinder of Zurowski and ASD as additional defendants is proper. Although joinder destroys diversity and deprives this Court of jurisdiction, the Court has weighed the relevant equities and finds that remand is appropriate in this case. Remand will promote the efficient use of judicial resources, prevent the prejudice to Plaintiffs, and avoid the possibility of inconsistent judgments.

/
/
/
/
/
/
/

## III. CONCLUSION

Therefore, Plaintiffs' Motion for Joinder of Additional Defendants and for Remand (docket no. 25) is **GRANTED**. The action is hereby remanded to the Superior Court of the State of California in and for the County of Los Angeles.

July 21, 2006

FLORENCE-MARIE COOPER, Judge
UNITED STATES DISTRICT COURT

13